GARY E. DEVLIN (SBN 210517)
gdevlin@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:   310-909-8000
Facsimile:   310-909-8001

ARSALAN A. NAYANI (SBN 322149 )
anayani@hinshawlaw.com
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Telephone:   312-704-3000
Facsimile:   312-704-3001

Attorneys for Defendant CHRISTOPHER ANU FOBENEH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually, and on behalf of all others similarly situated; DOES plaintiffs 1 through 1000,<br><br>            Plaintiffs,<br><br>    vs.<br><br>CHRISTOPHER ANU FOBENEH a.k.a. CHRIS ANU, an individual; and DOES 1-5000,<br><br>            Defendants. | Case No. 2:19-cv-00995-R-(SKx) (Honorable Manuel L. Real, Courtroom 880)<br><br>**DEFENDANT CHRISTOPHER ANU FOBENEH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>[Filed Concurrently with Notice of Motion and Motion and [Proposed] Order<br><br>Date:        July 15, 2019<br>Time:       10:00 a.m.<br>Ctrm:       880<br><br>Complaint Filed:   2/8/19<br>Trial Date:              Not Set |

MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................. 1

II.  LEGAL STANDARD ...................................................................................... 1

III. ARGUMENT .................................................................................................... 2

    A.  PLANTIFF HAS NO ARTICLE III STANDING ................................... 2

    B.  THE ANTI-TERRORISM ACT CLAIM FAILS ..................................... 5

    C.  THE ALIEN TORT CLAIMS ACT CLAIM FAILS ................................ 6

    D.  THE RICO CLAIMS FAIL AS A MATTER OF LAW .......................... 7

    E.  THE INDIRECT ATA CLAIMS FAIL ..................................................... 8

    F.  THE 18 U.S.C. 2339A CLAIM FAILS ...................................................... 9

    G.  THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM FAILS ........................................................................................... 11

IV.  CONCLUSION ............................................................................................... 12

i
TABLE OF CONTENTS
Case No. 5:18-cv-00273-JGB (SPX)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*,
855 F.2d 1470 (9th Cir.1988) ................................................................................. 2

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990) .................................................................................. 2

*Bechtel v. Liberty National Bank*,
534 F.2d 1335 (9th Cir.1976) ................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) .................................................................... 1

*Burgess v. Superior Court*,
2 Cal.4th 1064 ....................................................................................................... 12

*Christensen v. Superior Court*,
54 Cal.3d 868 ........................................................................................................ 11

*Doe v. Network Sols., LLC*,
No. 07-cv-05115-JSW, 2008 U.S. Dist. LEXIS 7397, 2008 WL 191419 (N.D. Cal. Jan. 22, 2008) ...................................................................................................................... 6

*Ecological Rights Found. v. Pac. Lumber Co.*,
230 F.3d 1141 (9th Cir. 2000) ................................................................................ 4

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
528 U.S. 167 (2000) ........................................................................................... 3, 5

*Hughes v. Ashcroft*,
255 F.3d 752 (9th Cir. 2001) .................................................................................. 5

*In Sullivan v. Oracle Corp.*,
51 Cal. 4th 119 (2011) .......................................................................................... 11

*Jesner and RJR Nabisco, Inc. v. European Community*,
136 S. Ct. 2090 (2016) ........................................................................................... 7

*Kiobel v. Royal Dutch Petroleum Co.*,
569 U.S. 108, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) .................................. 6, 7

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ........................................................................................... 2, 3

i
TABLE OF AUTHORITIES
Case No. 5:18-cv-00273-JGB (SPX)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

*Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*,
871 F. Supp. 2d 933 (N.D. Cal. 2012) .................................................................. 8

*Molien v. Kaiser Foundation Hospitals*,
27 Cal.3d 916 ...................................................................................................... 12

*Mujica v. AirScan Inc.*,
771 F.3d 580 (9th Cir. 2014) ............................................................................... 7

*Reiffen v. Microsoft Corp.*,
158 F.Supp.2d 1016 (N.D.Cal.2001) .................................................................. 2

*Spokeo, Inc. v. Robins*,
136 S.Ct. 1540 (2016) .......................................................................................... 2

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ............................................................................. 2

*Taamneh v. Twitter, Inc.*,
343 F. Supp. 3d 904( .................................................................................. 6, 9, 11

*Washington Envtl. Council v. Bellon*,
732 F.3d 1131 (9th Cir. 2013) ............................................................................. 3

*Western Mining Council v. Watt*,
643 F.2d 618 (9th Cir. 1981) ............................................................................... 2

**Statutes**

8 U.S.C.S. § 1101(a)(22) ....................................................................................... 5

U.S.C. Section 1961(1) ......................................................................................... 8

8 U.S.C. § 1189 ...................................................................................................... 9

18 U.S.C. 1961 ....................................................................................................... 8

18 U.S.C. 1961(1) .................................................................................................. 8

18 U.S.C. 2333(a) ............................................................................................... 8, 9

18 U.S.C. 2333(d) .................................................................................................. 9

18 U.S.C. 2339A ............................................................................................... 9, 10

18 U.S.C. § 2333(a) ............................................................................................... 5

18 U.S.C. § 2333(d) ............................................................................................... 9

ii
TABLE OF AUTHORITIES
Case No. 5:18-cv-00273-JGB (SPX)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

18 U.S.C. § 2339A(a) ........................................................................................................10

18 U.S.C. § 2339B(a)(1) ....................................................................................................11

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This action by Plaintiff JANE DOE ("Plaintiff") against Defendant CHRISTOPHER ANU FOBENEH ("Fobeneh") concerns alleged foreign terrorist attacks occurring overseas in a foreign country by foreigners against foreigners. Plaintiff's Complaint does not implicate any activity in the United States or involve any businesses in the United States. This action epitomizes the kinds of cases routinely dismissed by this Court for flouting the presumption against extraterritorial application. It should never have been filed in this District Court.

Apart from the Complaint's patent extraterritorial application deficiencies, Plaintiff's Complaint suffers additional infirmaries warranting dismissal. Plaintiff fails to demonstrate Article III standing. The Complaint further fails to establish that Plaintiff has any right to bring a claim for violation of the Anti-terrorism statute. Further, the conclusory and tenuous allegations contained in the Complaint disable any potential of meeting federal pleading requirements. This action cannot be salvaged. The Court should dismiss this action pursuant to *Federal Rules of Civil Procedure* ("*Fed. R. Civ. P.*") 12(b)(6) without leave to amend.

## II. LEGAL STANDARD.

A motion to dismiss brought pursuant to *Fed. R. Civ. P.* 12(b)(6) tests the sufficiency of the allegations set forth in a plaintiff's complaint. In order for a plaintiff's complaint to overcome a challenge via a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1959 (2007). In fact, courts do not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Likewise, a court need not accept as true conclusory allegations that contradict facts that may be judicially noticed or

1

MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

that are contradicted by documents referenced in the complaint. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-1296 (9th Cir. 1998). Thus, where there is either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory, a Rule 12(b)(6) dismissal is proper. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Of import, the Ninth Circuit "allows a motion under Rule 12(b) any time before the responsive pleading is filed." *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir.1988); *Bechtel v. Liberty National Bank,* 534 F.2d 1335, 1340-41 (9th Cir.1976); *Reiffen v. Microsoft Corp.*, 158 F.Supp.2d 1016, 1031-32 (N.D.Cal.2001) ("Moreover, a defendant may file a FRCP 12(b) motion any time before a responsive pleading (i.e. an answer) is filed."). If a Rule 12(b) motion is filed before an answer, it is timely. *See Aetna Life Ins., supra,* 855 F.2d at 1474.

### III.     ARGUMENT.

#### A.     Plaintiff Has No Article III Standing.

A Plaintiff must establish standing. The standing requirement derives from Article III's case-or-controversy limitation on a federal court's jurisdiction "to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing requires three things: the plaintiff must have suffered an "injury in fact"; the injury must be "fairly traceable" to the challenged action of the defendant; and the injury must be "likely to be redressed by a favorable judicial decision." *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Here, Plaintiff cannot establish Article III standing. First, she cannot establish "injury in fact." Under *Spokeo,* an injury must be "particularized" as well as "concrete and real, and not abstract." *Spokeo, supra,* 136 S.Ct. 1540 at 1547. As

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

a matter of law, a Plaintiff must base injury-in-fact for purposes of Article III on his or her own injury. Injury in fact cannot be based upon injury to others. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 181 (2000) ("The relevant showing for purposes of Article III standing, however, is not injury to [others] but injury to the plaintiff.").

Here, Plaintiff alleges no particularized injury to her person or property. Although the Complaint lacks internal consistency, to the extent the Complaint alleges any injury, the Complaint predicates Plaintiff's injury on the injury of others. *See* Complaint, p. 1 ("Plaintiffs, on behalf of themselves and all others similarly situated, **who have suffered the loss of family friends, relatives, employees, agents, co-workers, [and] laborers**. . .") (emphasis added.)

Notably, the Complaint provides no basis for Plaintiff to bring any of the alleged causes of action as a guardian-ad-litem or successor-in-interest, nor has Plaintiff satisfied statutory prerequisites to qualify as a guardian-ad-litem or successor-in-interest. The Complaint eschews a tenable injury to Plaintiff, or a basis for her to raise one on the behalf of others. Because injury in fact cannot be predicated on injury to others, the Complaint terminates Article III standing.

Second, and addressed in greater detail below, the inchoate alleged injury does not trace to Fobeneh. To satisfy traceability requirements for Article III standing, Plaintiff must show the injury fairly traces to Defendant's alleged misconduct, and not the result of misconduct of some third party not before the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560- (1992). Standing does not require the defendant's action to be the sole source of injury. *Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1142 (9th Cir. 2013). Nevertheless, "[t]he causal connection put forward for standing purposes cannot be too speculative, or rely on conjecture about the behavior of other parties, but need not be so airtight at [the pleadings stage] as to demonstrate that the plaintiffs would succeed on the

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

merits." *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1152 (9th Cir. 2000).

Here, it is unclear what (if any injury) occurred or how the injury connects to Defendant beyond a conjectural or speculative level. Plaintiff claims Fobeneh *supports* the alleged separatist Ambazonian Interim Government ("AIG"). *See e.g.,* (Complaint, ¶7.) Plaintiff then tenuously alleges AIG is a criminal enterprise which fosters, aids, and supports terrorism. *See, e.g.,* (Complaint, ¶¶8-12.) Plaintiff then also claims Fobeneh made several public postings, including on the medium of Facebook, to support terrorist activities of AIG. *See, e.g.,* (Complaint, ¶¶49-57.)

Notably, the Complaint fails to describe any criminal activity, let alone terrorist attacks. Rather, the Complaint contains vague legal conclusions devoid of any facts linking Fobeneh to nondescript undated atrocities. For example, paragraph 62 of the Complaint—the most descriptive paragraph concerning injury—states, "whenever plaintiffs employees, laborers agents disobey the mandate of Fobeneh emanating from the USA, they are killed, tortured, maimed, or other atrocity befalls them." (Complaint, ¶62.) There are no factual allegations describing how these deaths or atrocities occurred, let alone when they occurred, let alone plausible allegations linking these devoid allegations to Defendant.

Further, regarding Fobeneh's supposed "mandate," Plaintiff attaches several of Fobeneh's purported derogatory terrorist-inspiring public postings to the Complaint. Even to the least adroit of eyes, none of the postings support terrorism or could even be read to support terrorism. Even if the postings could be read to support violence or terrorism (which they cannot), it would be wholly speculative to claim some unidentified atrocities stemmed from nameless unidentified persons reading Defendant's postings at an unidentified time for unidentified reasons.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

Third, and addressed in greater detail below, redress will provide no relief to Plaintiff's alleged injuries. Again, she has not properly alleged any injury to her person or how the injury traces to Defendant. Additionally, although the Complaint seeks injunctive relief, Plaintiff fails to credibly allege any real or immediate threat of injury and, notably, predicates her injury on the undated nondescript misfortune of others. As a matter of law, absent a real and immediate threat of future injury there can be no case or controversy, and thus no Article III standing for a party seeking injunctive relief. *See Friends of Earth*, *supra,* 528 U.S. at 190. For these reasons, Plaintiff has no Article III standing.

### B. The Anti-Terrorism Act Claim Fails.

Plaintiff raises her first cause of action under the Anti-Terrorism Act ("ATA") on behalf of herself and other similarly situated. The first cause of action for violation of the ATA fails for two independent reasons. First, the ATA applies only to "a national of the United States." 18 U.S.C. § 2333(a). 8 U.S.C.S. § 1101(a)(22) defines a national of the United States as either "a citizen of the United States" or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." *Id.*

Neither Plaintiff nor the class she seeks to represent qualifies as a national of the United States. Regarding the unnamed Plaintiff class, the Complaint fatally alleges the class consists of "nationals of Cameroon." *See* (Complaint, ¶18.) Similarly, regarding Plaintiff, the Complaint poses Plaintiff as a "resident of this County." (Complaint, ¶16.) Determinatively, however, mere residency cannot establish the ATA's national of the United States requirement. Rather, "to qualify for 'national' status [a plaintiff]. . . must . . . demonstrate (1) birth in a United States territory or (2) an application for United States citizenship." *Hughes v. Ashcroft*, 255 F.3d 752, 756-757 (9th Cir. 2001). Here, there is no allegation Jane

5
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

Doe was born in the United States, let alone that she applied for United States citizenship.[1] Thus, the ATA claim fails as a matter of law.

Second, even if Plaintiff or the undefined Plaintiff class satisfied the 'national' status requirement, the ATA cause of action still fails. To plead a viable ATA claim, "a plaintiff must show at least some **direct relationship** between the injuries that he or she suffered and the defendant's acts." *Taamneh v. Twitter, Inc.*, 343 F. Supp. 3d 904("*Taamneh*") (emphasis added). Here, Plaintiff's generic recitations lack any semblance or connection to any injury, let alone to an injury of Plaintiff, let alone tethered by a direct relationship. Indeed, the cursory allegations against Fobeneh based on innocuous news correspondences and public postings could never constitute a direct relationship. *See, e.g.,* (Complaint, ¶43-70.) The ATA cause of action fails as a matter of law.

### C.     The Alien Tort Claims Act Claim Fails.

Plaintiff raises her second cause of action under the Alien Tort Claims Act ("ATC"). The ATC provides, in full, that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 133 S. Ct. 1659, 1663, 185 L. Ed. 2d 671 (2013) (quoting 28 U.S.C. § 1350). Under the ATC, federal courts may recognize private claims under federal common law for violations of international law, **"where the claims touch and concern the territory of the United States***,"* *Id*. at 1663, "**with sufficient force to displace the presumption against extraterritorial**

---

[1] As of the date of this Motion, Defendant does not know the identity of Jane Doe. While the Ninth Circuit allows a plaintiff to initiate a Complaint under a pseudonym, a plaintiff nonetheless must, thereafter, file a motion to proceed under the pseudonym. S*ee, e.g., Doe v. Network Sols., LLC*, No. 07-cv-05115-JSW, 2008 U.S. Dist. LEXIS 7397, 2008 WL 191419, at *3 (N.D. Cal. Jan. 22, 2008). Because no motion to proceed under a pseudonym has been filed, this case is also subject to dismissal for that reason.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

**application.**" *Id.* at 1669 (emphasis added) Under the ATC, a presumption exists against extraterritorial application. *Id.* As a matter of law, "if all the relevant conduct occurred abroad, **that is simply the end of the matter.**" *Mujica v. AirScan Inc.*, 771 F.3d 580, 594 (9th Cir. 2014) (emphasis added).

This Complaint patently concerns actions that occurred abroad. The Plaintiff untenably alleges Cameroonian employees, laborers, and agents were killed, tortured, or maimed in Cameroon by followers of a Cameroonian organization, the AIG, as well as other unidentified accomplices of Fobeneh who read Fobeneh's postings. *See, e.g.,* (Complaint, ¶61-62.) None of the alleged conduct occurred in the United States or could have occurred in the United States. All of the alleged conduct occurred overseas in Cameroon. As such, this action falls squarely within *Kiobel—*precluded by the presumption against extraterritorial application. Even if Complaint could survive *Kiobel,* Plaintiff does not adequately allege what, if any, tort occurred, or, if a tort occurred, how the tort involved Defendant Fobeneh. This cause of action cannot be salvaged. The Court should dismiss this cause of action without leave to amend.

### D. The RICO Claims Fail as a Matter of Law.

Plaintiff's third and fourth causes of action are brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Like the ATC cause of action, the RICO causes of action flout the presumption against extraterritorial application. Determinatively, the Supreme Court ruled "[a] private RICO plaintiff . . . **must allege and prove a domestic injury to its business or property**." *Jesner and RJR Nabisco, Inc. v. European Community*, 136 S. Ct. 2090, 2106 (2016) (emphasis in original); *see Id.* at 2111 ("Section 1964(c) requires a civil RICO plaintiff to allege and prove a domestic injury to business or property and does not allow recovery for foreign injuries."). Similarly, RICO only applies to

7
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

domestic enterprises. *Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, 871 F. Supp. 2d 933, 939 (N.D. Cal. 2012).

Despite well-established law disabling Plaintiff's RICO claims, Plaintiff staunchly persists in basing her injury, to the extent she even alleges one, on injury to foreign business. *See* (Complaint, ¶62.) Plaintiff's purported injuries lack any semblance of a domestic component. The purported RICO enterprise is also foreign. Again, this Complaint consists of alleged foreign criminal activity committed by foreigners against foreigners in a foreign country—no viable Rico claim exists or could possibly exist given these alleged facts.

Plaintiff's RICO claims also fail on a threshold level since none of the alleged activity constitutes racketeering activity. 18 U.S.C. 1961 defines racketeering activity to include a number of generically-specified criminal acts, as well as the commission of one of a number of listed predicate offenses. 18 U.S.C. 1961(1). As alleged, Plaintiff's generic recitations do not satisfy the requirements of *Iqbal,* nor are the alleged acts predicate offenses under U.S.C. Section 1961(1). Thus, the RICO claims fail as a matter of law.

### E. The Indirect ATA Claims Fail.

Plaintiff's fifth and sixth causes of action, like her first cause of action, are brought under the ATA. Unlike her first ATA cause of action, however, the fifth and sixth causes of action seek to impose indirect liability against Fobeneh under the ATA. As a threshold matter, like Plaintiff's first ATA cause of action, the fifth and sixth causes of action must fail since Plaintiff cannot satisfy the ATA's national status requirement, nor can she establish the ATA's direct relationship requirement. Thus, these causes of action fail as a matter of law.

Plaintiff's fifth and sixth causes of actions also fail for other reasons. Plaintiff untenably brings these claims pursuant to 18 U.S.C. 2333(a), which governs direct liability under the ATA, and has no application to indirect liability

8

MEMORANDUM OF POINTS AND AUTHORITIES

Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

claims, which Plaintiff's fifth and sixth causes of action fall under. For this reason alone, tethering her claims to an inapplicable provision, the indirect liability ATA claims should be dismissed. 18 U.S.C. 2333(a) statutorily provides no mechanism for aiding & abetting or conspiracy type claims.

Regardless, even if the Complaint were liberally construed as stating claims under the correct provision, 18 U.S.C. 2333(d), despite never referencing said provision, the claims still fail. 18 U.S.C. 2333(d) imposes secondary liability on acts of international terrorism "committed, planned, or authorized" by a "**foreign terrorist organization**." *See* 18 U.S.C. 2333(d) (emphasis added). This 'foreign terrorist organization' must be "designated as a foreign terrorist organization under section 219 of the Immigration and Nationality Act (8 U.S.C. 1189)." *See* 18 U.S.C. § 2333(d). The Secretary[2] designates foreign terrorist organization. *See* 8 U.S.C. § 1189.

Here, Plaintiff, of course, is not a foreign terrorist organization. The Secretary has never designated AIG as a foreign terrorist organization pursuant to section 219 of the Immigration and Nationality Act. Again, even if there were such an allegation, Plaintiff does not establish a direct relationship (or that she suffered an injury for that matter). *See Taamneh, supra,* 343 F. Supp. 3d 904. The fifth and sixth causes of action fail as a matter of law.

**F.    The 18 U.S.C. 2339A Claim Fails.**

Plaintiff's seventh claims is for violation of 18 U.S.C. 2339A. Section 2339A(a) concerns providing "material support" to "terrorists" and states, in relevant part,

> Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material

---

[2] The term "Secretary" means the Secretary of State, in consultation with the Secretary of the Treasury and the Attorney General. 8 U.S.C. 1189(d)(4).

9
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [various provisions prescribing penalties for terrorist acts] . . . shall be . . . imprisoned not more than 15 years . . . .

18 U.S.C. § 2339A(a).

The statute defines "material support or resources" as "any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials." *Id.* § 2339A(b)(1).

Again, here, the 18 U.S.C. 2339A claim fails for several reasons. First, on a textual level, section 2339A(a) concerns providing material support to "*terrorists*." *Id.* § 2339A(a). The Complaint contains no allegation Fobeneh directly provided money, financial services, lodging, training, supplies, etc., to any terrorist. Indeed, the Complaint fails to name a single terrorist or any specific terrorist attack. Rather, Plaintiff's generic Complaint represents AIG as a terrorist organization; and claims Fobeneh provided support to AIG. As a threshold matter, an alleged terrorist organization differs from a terrorist. Further, none of the alleged conduct tethers to any specific terrorist activity. Because there is no plausible allegation of Fobeneh providing material support to terrorists, the cause of action fails.

The applicable statute concerning alleged "terrorist organizations" is section 2339B. Similar to her indirect liability ATA claims, Plaintiff errs by predicating her 2339B claim on the incorrect statutory provision. The cause of action should fail for that reason alone. Like her indirect ATA claims, however, even if Plaintiff

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

relied on the correct statute, in this case, section 2339B, the result remains the same; the cause of action should be dismissed.

Section 2339B requires the alleged terrorist organization be designated as a terrorist organization. *See* 18 U.S.C. § 2339B(a)(1) ("to violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization.") AIG has never been designated as a terrorist organization, nor does the Complaint allege AIG ever received terrorist organization designation. And, of course, there are no—and can be no—plausible allegations positing Fobeneh's knowledge of a terrorist organization designation on the non-occurrence of a terrorist organization designation. This cause of action fails.

Furthermore, as stated repeatedly above, Plaintiff cannot meet the ATA's 'national status' or direct relationship requirements. *See Taamneh, supra*, 343 F. Supp. 3d 904. These fatal infirmaries disable this cause of action and require dismissal. These incurable defects cannot possibly be fixed rendering leave to amend futile.

### G.     The Negligent Infliction of Emotional Distress Claims Fail.

Plaintiff's final cause of action is for Negligent Infliction of Emotional Distress ("NIED"). Initially, the presumption against extra-territoriality applies to claims California based negligence claims. *See In Sullivan v. Oracle Corp.*, 51 Cal. 4th 119, 1207 (2011) (finding a presumption exists against the extraterritorial application of California state law). Because this actions solely touches matters outside of California, this cause of action fails.

Additionally, Plaintiff does not allege any direct physical injury or that she witnessed injury to family member. The California Supreme Court allows a plaintiff to bring negligent infliction of emotional distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses (*Christensen v. Superior Court* 54 Cal.3d 868, 879 (1991); (2) the

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

negligent misdiagnosis of a disease that could potentially harm another (*Molien v. Kaiser Foundation Hospitals* 27 Cal.3d 916, 923 (1980)); and (3) the negligent breach of a duty arising out of a preexisting relationship.  *See Burgess v. Superior Court* 2 Cal.4th 1064, 1076 (1992).  None of these provisions apply or even could apply.

Finally, Plaintiff has not adequately alleged proximate causation.  The Complaint lacks any semblance that any action of Fobeneh foreseeably led to any of the purported injuries.  Plaintiff does not allege sufficient facts.  This cause of action fails, and no leave to amend should be granted.

## IV.   CONCLUSION.

For the above reasons, the Court should dismiss Plaintiff's Complaint in its entirety, without leave to amend.

DATED: May 23, 2019            HINSHAW & CULBERTSON LLP

By: */s/Gary E. Devlin*
GARY E. DEVLIN
ARSALAN A. NAYANI
Attorneys for CHRISTOPHER ANU FOBENEH

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

12
MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 2:19-cv-00995-R-(SKx)
303761632V1 1019702